**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**CATHY L. TOOLE**                                                               **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO. 1:12cv363-KS-MTP**

**PRESIDENT BARACK OBAMA, et al.**                          **DEFENDANTS**

**ORDER**

This matter is before the Court *sua sponte* for screening purposes pursuant to Title 28 U.S.C. § 1915(e)(2), and under the Court's duty to determine whether it has subject matter jurisdiction over Plaintiff's claims. *See, e.g.*, *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006); *Warren v. United States*, 874 F.2d 280, 281-82 (5th Cir. 1989); Fed. R. Civ. P. 12(h)(3). For the reasons stated below, the Court finds that Plaintiff's claims against Judge Louis Guirola, Jr., Judge Robert H. Walker, Judge Halil S. Ozerden, President Barack Obama, Chief Justice John G. Roberts, and Justice John Paul Stevens should be dismissed. The Court also finds that the Plaintiff should be required to provide further information regarding her claims against the remaining Defendants before this action proceeds on its merits.

**BACKGROUND**

Plaintiff Cathy L. Toole is not a stranger to this Court. Plaintiff has filed four prior actions, each principally seeking the recovery of certain benefits from the U.S. Department of Veterans Affairs ("VA") relating to the military service of her deceased husband, James L. Toole. (*See* Case Nos. 1:11cv508; 1:10cv418; 1:08cv1481; 1:06cv716.) Three of those suits were dismissed due to the absence of subject matter

jurisdiction.[1]  (*See* Case Nos. 1:11cv508; 1:08cv1481; 1:06cv716.)  The remaining action was dismissed on service of process, statute of limitations, and personal jurisdiction-based grounds.  (*See* Case No. 1:10cv418.)[2]

On November 19, 2012, Plaintiff filed this *pro se* lawsuit against Judges Guirola, Walker and Ozerden; President Obama; Supreme Court Justices Roberts and Stevens; and several federal administrative officials.  (*See* Complaint [1].)  At bottom, this suit appears to be another effort by the Plaintiff to challenge the VA's denial of benefits relating to her husband's military service.  However, that effort is obscured by Plaintiff's numerous claims against those individuals she believes responsible for the dismissal of her prior lawsuits, for failing to provide her with "a U.S. Court Date by law"[3], and/or for alleged wrongdoing during the course of her various efforts to obtain benefits from the VA.

On January 28, 2013, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.  (*See* Order [13].)  Under that statute, an action

---

[1] A district court is precluded from hearing an individual's challenge to a denial of benefits by the VA pursuant to 38 U.S.C. § 511.  *See Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995).

[2] Plaintiff's request for benefits from the VA has also worked its way through the United States Court of Appeals for Veterans Claims (the "VA court") and the United States Court of Appeals for the Federal Circuit, both of which are authorized by statute to review VA benefits determinations.  *See Toole v. Shinseki*, No. 07-2675, 2009 WL 2612426 (Vet. App. Aug. 27, 2009), *appeal dismissed*, 364 Fed. Appx. 627 (Fed. Cir. 2010).  The VA court affirmed the decision of the Board of Veterans' Appeals "that denied VA service connection for the cause of Mr. Toole's death, dependency and indemnity compensation (DIC) benefits, and Dependent's Educational Assistance (DEA) benefits."  *Toole*, 2009 WL 2612426, at *1.

[3] (Complaint [1] at p. 18.)

shall be dismissed at any time if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court now examines Plaintiff's stated claims consistent with its § 1915(e)(2)(B) screening obligations and its duty to determine "at any time" if subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### *Judges Louis Guirola, Jr., Robert H. Walker, and Halil S. Ozerden*

In liberally construing Plaintiff's *pro se* Complaint, the Court finds that Plaintiff alleges Judges Guirola, Walker and Ozerden violated her First Amendment right to petition the government for redress of grievances in dismissing her prior suits.[4] *See Borough of Duryea, Pa. v. Guarnieri*, 131 S. Ct. 2488, 2494, 180 L. Ed. 2d 408 (2011) ("[T]he right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government.") (citations omitted). Plaintiff seeks damages for mental anguish purportedly arising from the dismissal of her lawsuits. This Court is authorized to hear "all civil actions arising under the Constitution . . . ." 28 U.S.C. § 1331. However, the Court is not permitted to allow the Plaintiff to proceed on her claims against Judges Guirola, Walker and Ozerden because they are entitled to absolute judicial immunity.

---

[4] Notwithstanding this allegation, U.S. Magistrate Judge Robert H. Walker did not enter any dismissal orders in Plaintiff's prior actions. Judge Walker granted the Plaintiff IFP status in Case Number 1:08cv1481, denied Plaintiff's motion for a court date as premature in Case Number 1:10cv418, and recommended that Plaintiff's motion to proceed IFP in Case Number 1:11cv508 be denied. This distinction, however, is not outcome determinative for purposes of the Court's analysis of Plaintiff's claims against Judge Walker.

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citing *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993)). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)). "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* at 10 (citation omitted). Accordingly, allegations of malice or bad faith will not preclude judicial immunity. *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles*, 502 U.S. at 11). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd*, 31 F.3d at 284.

Plaintiff's allegations against Judges Guirola, Walker and Ozerden regarding their court rulings clearly concern matters judicial in nature. Furthermore, sufficient jurisdictional authority existed for the entry of the Judges' orders in Plaintiff's prior lawsuits. *Cf. United States v. Ruiz*, 536 U.S. 622, 628, 122 S. Ct. 2450, 153 L. Ed. 2d 586 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.") (citation omitted). Therefore, Judges Guirola, Walker and Ozerden are entitled to judicial immunity and Plaintiff's claims against them will be dismissed with prejudice. *See Boyd*, 31 F.3d at 285 (ruling that claims against a judicial officer entitled to judicial immunity were properly dismissed with prejudice); *Brown v. Harrison County*

*Circuit Court*, No. 1:05CV289, 2007 WL 1306422, at *3 (S.D. Miss. Apr. 30, 2007) (dismissing with prejudice claim against a judicial officer pursuant to § 1915(e)(2)(B)(iii)).

This dismissal does not leave the Plaintiff without recourse if she believes that any federal judge, including the undersigned, has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts.  The Rules for Judicial-Conduct and Judicial-Disability Proceedings (the "Rules"), promulgated pursuant to 28 U.S.C. §§ 331 and 358, govern such complaints and specify the procedures available to an individual claiming that a judicial officer has engaged in prohibited conduct.  A copy of the Rules may be obtained free of charge from the Clerk at the United States Court of Appeals for the Fifth Circuit, 600 S. Maestri Place, New Orleans*,* LA 70130, or found at:

http://www.ca5.uscourts.gov/clerk/LocalJudicialMisconductRules.pdf.

### President Barack Obama

Plaintiff allegedly wrote President Obama in November of 2011, requesting his assistance with securing a court date under the First Amendment and Sixth Amendment of the U.S. Constitution in relation to her claim for benefits from the VA.  Apparently, the President did not respond to the Plaintiff's communication and she is now suing him in this Court for a "Court Date, and also one year of mental anguish."  (Complaint [1] at p. 7.)  Plaintiff appears to contend that the President violated his oath of office to support and defend the Constitution by not securing a court date for her.

A claim is "frivolous" for purposes of § 1915 "if 'it lacks any arguable basis in law or fact.'"  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v.*

*Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).  A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Id.*  A factually baseless complaint encompasses "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (citation omitted).

  Plaintiff's claims against the President are legally baseless to the extent they can be construed to rely on the Sixth Amendment of the U.S. Constitution.  "[T]he Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 131 S. Ct. 2507, 2516, 180 L. Ed. 2d 452 (2011).  Moreover, the factual allegations underlying the claims are "fanciful," "fantastic" and "delusional" to the extent they presume the President has any duty to intervene in Plaintiff's dispute with the VA and secure a court date for her. *Denton*, 504 U.S. at 33.  The President is also entitled to absolute immunity from Plaintiff's allegations of damages liability. *See Nixon v. Fitzgerald*, 457 U.S. 731, 749, 102 S. Ct. 2690, 73 L. Ed. 2d 349 (1982)).  As a result, Plaintiff's complaint against the President is frivolous under § 1915(e)(2)(B)(i) and will be dismissed with prejudice. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (holding that claims dismissed as frivolous under § 1915 should be ordinarily dismissed with prejudice).

  *Justices John G. Roberts and John Paul Stevens*

  Plaintiff contends that Justice Roberts is not supporting and defending the Constitution because he swore Barrack Obama in as President and he is not requiring

the President to support and defend the Constitution.  Plaintiff allegedly wrote Justice Roberts on September 12, 2012, regarding her complaints against President Obama.  Plaintiff's complaint against Justice Stevens is that he is failing to require President Obama and Justice Roberts to support and defend the Constitution.  Plaintiff allegedly wrote Justice Stevens on October 22, 2012, regarding her allegations against President Obama and Justice Roberts.

The Plaintiff is apparently operating under the erroneous assumption that a government official must secure a court date for her in order to support and defend the Constitution.  The Court finds Plaintiff's suggestion that the Chief Justice or a retired Associate Justice[5] has a legal duty to intervene unilaterally in her benefits dispute with the VA to be "fanciful," "fantastic" and "delusional".  *Denton*, 504 U.S. at 33.   Plaintiff's claims against Justice Roberts and Justice Stevens will be dismissed with prejudice as frivolous pursuant to § 1915(e)(2)(B)(i).

*C.R. Fischer, George Opfer, Linda A. Halliday, Richard A. Daley, Scott Levins, Melanie S. Lane, Craig A. Moore and Eric Shinseki*

The Court's authority to preside over Plaintiff's claims against the remaining Defendants[6] is not clear.  For example, Plaintiff charges several of these Defendants with "mail fraud" and asserts that the "Federal Employees must be held subject to prosecution in a U.S. Court" for making false statements.  (Complaint [1] at pp. 12, 13,

---

[5] Justice Stevens retired from the Supreme Court in June of 2010.  *See* http://www.supremecourt.gov/about/biographies.aspx.

[6] All of these individuals, except Scott Levins, appear to be administrative officials associated with the VA.  Mr. Levins is the Director of the National Personnel Records Center, which is under the purview of the National Archives and Records Administration.

14, 16.) Plaintiff has no private right of action under the federal mail fraud statute,[7] and criminal prosecution is unavailable in this civil action. To the extent Plaintiff is attempting to assert common law fraud claims, her allegations fall short of Federal Rule of Civil Procedure 9(b)'s specificity requirement even if the *pro se* complaint is liberally construed.[8]

Plaintiff also alleges violations of "the Open Public Records Act Law." (Complaint [1] at pp. 13, 19.) There is no federal "Open Public Records Act Law". The Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, governs requests for public records from federal administrative agencies, while the Privacy Act, 5 U.S.C. § 552a, generally allows individuals to obtain government records pertaining to themselves. The Court will construe Plaintiff's records related allegations under the FOIA and Privacy Act given Plaintiff's *pro se* status. An individual is usually required to exhaust administrative remedies prior to bringing a civil action under the FOIA or Privacy Act. *See Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 474, 477 (5th Cir. 1997). It is not clear from the face of Plaintiff's complaint if she exhausted administrative remedies prior to filing this suit. Moreover, Plaintiff has sued only individual defendants, and "[n]either the Freedom of Information Act nor the Privacy Act creates a cause of action for a suit against an individual employee of a federal agency." *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987). The agency is the proper defendant. *See Batton v. Evers*, 598 F.3d 169, 172 n.1 (5th Cir. 2010).

---

[7] *See Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977).

[8] *See, e.g.*, *Cintron-Luna v. Roman-Bultron*, 668 F. Supp. 2d 315, 318 (D.P.R. 2009); *Tucker v. Bank One, N.A.*, 265 F. Supp. 2d 923, 925 (N.D. Ill. 2003).

Plaintiff's Complaint also contains vague references to a deprivation of equal and impartial justice. "The concept of equal justice under law is served by the Fifth Amendment's guarantee of due process, as well as by the Equal Protection Clause of the Fourteenth Amendment." *Hampton v. Mow Sun Wong*, 426 U.S. 88, 100, 96 S. Ct. 1895, 48 L. Ed. 2d 495 (1976). However, "[a]llegations of constitutional violations must be pleaded with factual detail and particularity, not mere conclusory allegations." *Jackson v. Widnall*, 99 F.3d 710, 715-16 (5th Cir. 1996) (citation and internal quotation marks omitted). This pleading requirement extends to *pro se* claimants such as the Plaintiff. *See id.* at 711.

Finally, the Court lacks jurisdiction over any claim that the VA wrongly refused Plaintiff's request for benefits. *See Zuspann*, 60 F.3d at 1158. A section of Plaintiff's Complaint and a subsequent filing suggest that the VA's denial of benefits is what the Plaintiff is ultimately complaining about in this cause. "I want to enter the U.S. Court Room and present my own case before I receive my Declaration of New Worth and also be paid for almost fourteen years worth of mental anguish [f]rom the Department of Veterans Affairs." (Complaint [1] at p. 17.) "The VA owes me Cathy L. Toole all the social security checks total [sic] up after my husband passed away . . . ." (Dec. 7, 2012 Letter [6] at p. 3.) As a result, the Court will require the Plaintiff to submit the information specified below so that it may determine whether it has jurisdiction over Plaintiff's remaining claims and if those claims are legally cognizable.

## CONCLUSION

Accordingly, IT IS ORDERED:

1. That Defendants Judge Louis Guirola, Jr., Judge Robert H. Walker, Judge

Halil S. Ozerden, President Barack Obama, Chief Justice John G. Roberts, and Justice John Paul Stevens are dismissed with prejudice from this cause.

2. That on or before March 12, 2013, the Plaintiff must set forth a written Response, filed with the Clerk of Court, to:

(a) explain why this action should not be dismissed for lack of subject matter jurisdiction because Plaintiff is ultimately challenging the Department of Veterans Affairs' denial of benefits relating to the military service of James L. Toole;

(b) set forth her specific causes of action against each of the following Defendants: C.R. Fischer, George Opfer, Linda A. Halliday, Richard A. Daley, Scott Levins, Melanie S. Lane, Craig A. Moore, and Eric Shinseki (the "Remaining Defendants");

(c) specifically state as to any Remaining Defendant alleged to have violated Plaintiff's constitutional rights, how the Defendant violated her constitutional rights;

(d) specifically state as to any Remaining Defendant alleged to have made false statements to the Plaintiff, the statements alleged to be false, who made the false statements, when and where the statements were made, and how the statements were false;

(e) describe the administrative procedures the Plaintiff followed in requesting any records purportedly withheld from her, and present any documentary proof in Plaintiff's possession showing that she exhausted those procedures before filing this lawsuit; and

  (f)  identify any administrative agency allegedly withholding records requested by the Plaintiff, and specify whether the Plaintiff seeks to make that agency a defendant in this lawsuit because of its purported refusal to produce the records.

  3.  That Plaintiff's failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by Plaintiff and may result in the dismissal of this case.

  4.  That the Clerk of Court is directed to mail a copy of this Order to the Plaintiff at her last known address.

  SO ORDERED AND ADJUDGED this the 20th day of February, 2013.

        *s/Keith Starrett*
        UNITED STATES DISTRICT JUDGE