GIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CATHY L. TOOLE**                                                                                          **PLAINTIFF**

**VS.**                                                                  **CIVIL ACTION NO. 1:12cv363-KS-MTP**

**PRESIDENT BARACK OBAMA, et al.**                                               **DEFENDANTS**

## OPINION AND ORDER OF DISMISSAL

This matter is before the Court upon consideration of the Plaintiff's Response [16] to the Court's Order [15] of February 20, 2013. As set forth below, the case will be dismissed.

## BACKGROUND

Plaintiff Cathy L. Toole is a *pro se* litigant proceeding *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. On February 20, 2013, the Court dismissed Plaintiff's claims against Judge Louis Guirola, Jr., Judge Robert H. Walker, and Judge Halil S. Ozerden pursuant to § 1915(e)(2)(B)(iii) on the basis of judicial immunity. The Court also dismissed Plaintiff's claims against President Barack Obama, Chief Justice John G. Roberts, and Justice John Paul Stevens as frivolous pursuant to § 1915(e)(2)(B)(i). Furthermore, the Court ordered the Plaintiff to submit certain information in the form of a written response so that a determination could be made as to whether Plaintiff's claims against C.R. Fischer, George Opfer, Linda A. Halliday, Richard A. Daley, Scott Levins, Melanie S. Lane, Craig A. Moore, and Eric Shinseki (the "Remaining Defendants")[1] are

---

[1] All of these individuals, except Scott Levins, appear to be administrative officials associated with the U.S. Department of Veterans Affairs ("VA"). Mr. Levins is the Director of the National Personnel Records Center, which is under the purview of the National Archives and Records Administration.

legally cognizable, and if the Court has subject matter jurisdiction over those claims. Having considered Plaintiff's Response [16], the Court finds that Plaintiff's claims against the Remaining Defendants should be dismissed without prejudice for the below-stated reasons.

## DISCUSSION

Plaintiff charges several of the Remaining Defendants with "mail fraud" and asserts that the "Federal Employees must be held subject to prosecution in a U.S. Court" for making false statements.  (Complaint [1] at pp. 12, 13, 14, 16.)  Plaintiff has no private right of action under the federal mail fraud statute,[2] and criminal prosecution is unavailable in this civil action.

Given Plaintiff's *pro se* status, the Court ordered the Plaintiff to submit additional information to determine if she was attempting to assert common law fraud claims, and if she could meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  "To plead fraud adequately, the plaintiff must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (citation and internal quotation marks omitted). Plaintiff's Response [16] fails to supply any information necessary to state a legally cognizable claim for fraud under Rule 9(b).  Instead, Plaintiff disagrees (without basis) with the Court's Order [15], alleges that the undersigned is contributing to some undefined conspiracy against her, again complains that President Obama is not

---

[2] *See Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977).

supporting and defending the U.S. Constitution, and appears to allege wrongdoing on the basis that Defendants "failed to report the fraudulent case of the Toole Family that they sure knew about." (Response [16] at pp. 2-3.) Plaintiff's vague, ill-defined allegations are insufficient under Rule 9(b) and will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that an action shall be dismissed at any time if it "fails to state a claim on which relief may be granted").

Plaintiff also alleges violations of "the Open Public Records Act Law." (Complaint [1] at pp. 13, 19.) There is no federal "Open Public Records Act Law". The Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, governs requests for public records from federal administrative agencies, while the Privacy Act, 5 U.S.C. § 552a, generally allows individuals to obtain government records pertaining to themselves. The Court previously construed Plaintiff's records related allegations to fall under the FOIA and Privacy Act given her *pro se* status.

Generally, an individual is required to exhaust administrative remedies prior to bringing a civil action under the FOIA or Privacy Act. *See Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 474, 477 (5th Cir. 1997). Furthermore, "[n]either the Freedom of Information Act nor the Privacy Act creates a cause of action for a suit against an individual employee of a federal agency." *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987). The agency is the proper defendant. *See Batton v. Evers*, 598 F.3d 169, 172 n.1 (5th Cir. 2010). Plaintiff's Complaint only names individual Defendants and it is not clear from the face of the Complaint if Plaintiff exhausted administrative remedies prior to filing this suit. Thus, the Court's prior Order [15] directed the Plaintiff to provide

information regarding any efforts to exhaust administrative remedies, identify any administrative agency purportedly withholding records, and indicate whether she sought to make that agency a defendant in this lawsuit. Plaintiff's Response [16] is wholly unresponsive to the Court's directive. As a result, Plaintiff's records related allegations will be dismissed for failure to state a claim. *Cf. Taylor*, 127 F.3d at 478 (holding that the district court should have dismissed plaintiff's Privacy Act claims for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12(b)(6)); *Petrus*, 833 F.2d at 582 (affirming dismissal of individual defendants with respect to FOIA and Privacy Act claims under Rule 12(b)(1) and (b)(6)).

Plaintiff's Complaint also contains vague references to a deprivation of equal and impartial justice. "The concept of equal justice under law is served by the Fifth Amendment's guarantee of due process, as well as by the Equal Protection Clause of the Fourteenth Amendment." *Hampton v. Mow Sun Wong*, 426 U.S. 88, 100, 96 S. Ct. 1895, 48 L. Ed. 2d 495 (1976). However, "[a]llegations of constitutional violations must be pleaded with factual detail and particularity, not mere conclusory allegations." *Jackson v. Widnall*, 99 F.3d 710, 715-16 (5th Cir. 1996) (citation and internal quotation marks omitted). This pleading requirement extends to *pro se* claimants such as the Plaintiff. *See id.* at 711.

Given the vague and conclusory allegations in Plaintiff's Complaint, the Court ordered the Plaintiff to set forth her specific causes of action against each of the Remaining Defendants, and specifically state how any Remaining Defendant violated her constitutional rights. Plaintiff's Response [16] fails to specify any cognizable constitutional cause of action against any Remaining Defendant. The only allegation

the Court can discern from Plaintiff's Response [16] potentially applicable to the Remaining Defendants is that they (generally referred to as "Federal Employees", "Defendants", or "individuals") "failed to report the fraudulent case of the Toole Family that they sure knew about." (Response [16] at pp. 2-3.) The Court is unable to hold that Plaintiff's constitutional claims against any Remaining Defendant pass muster on the basis of this record.

All of Plaintiff's remaining claims not addressed above will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (providing that an action is to be dismissed at any time the court determines it lacks jurisdiction). Plaintiff has filed four prior actions, each principally seeking the recovery of certain benefits from the VA, relating to the military service of her deceased husband, James L. Toole. (*See* Case Nos. 1:11cv508; 1:10cv418; 1:08cv1481; 1:06cv716.) Three of those suits were dismissed due to the absence of subject matter jurisdiction because a district court is precluded from hearing an individual's challenge to a denial of VA benefits pursuant to 38 U.S.C. § 511.[3]  *See Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995).

A section of Plaintiff's Complaint and a subsequent filing suggest that the Plaintiff is complaining, at least in part, about the VA's denial of benefits in this cause. "I want to enter the U.S. Court Room and present my own case before I receive my Declaration of New Worth and also be paid for almost fourteen years worth of mental anguish [f]rom the Department of Veterans Affairs." (Complaint [1] at p. 17.) "The VA owes me Cathy

---

[3] (*See* Case Nos. 1:11cv508; 1:08cv1481; 1:06cv716.) The remaining action was dismissed on service of process, statute of limitations, and personal jurisdiction-based grounds. (*See* Case No. 1:10cv418.)

L. Toole all the social security checks total [sic] up after my husband passed away . . . ." (Dec. 7, 2012 Letter [6] at p. 3.) Thus, the Court's Order [15] directed the Plaintiff to explain why her claims should not be dismissed for lack of jurisdiction on the basis that she is challenging the VA's denial of benefits in this action. Plaintiff's Response [15] is wholly unresponsive to this directive. Consequently, Plaintiff's remaining claims contesting the VA's benefits decision relating to her deceased husband's military service are not properly before this Court and must be dismissed.

## **CONCLUSION**

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's claims against the Remaining Defendants C.R. Fischer, George Opfer, Linda A. Halliday, Richard A. Daley, Scott Levins, Melanie S. Lane, Craig A. Moore, and Eric Shinseki are dismissed without prejudice. A separate final judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk of Court is to mail a copy of this Order and the accompanying final judgment to the Plaintiff at her last known address.

SO ORDERED AND ADJUDGED this the 11th day of March, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE